# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

EUGENE ALLEN,                          )
                                       )
          Petitioner,                  )
                                       )
v.                                     )          Case No. CV414-006
                                       )
GRADY PERRY and BRIAN OWENS,  )
                                       )
          Respondents.                 )

## REPORT AND RECOMMENDATION

A Chatham County Superior Court jury found Eugene Allen guilty of felony murder, aggravated assault, and possession of a firearm during the commission of a felony. Doc. 1 at 1. He received consecutive sentences of life in prison plus twenty years to serve. *Id.* Represented by counsel before this Court, he petitions for 28 U.S.C. § 2254 relief. *Id.* The state opposes. Doc. 6.

## I.    BACKGROUND

On May 26, 2004, petitioner repeatedly visited the home of Raheem Wilson because Wilson had "robbed" him by failing to pay for two ounces of crack cocaine. *Allen v. State*, 286 Ga. 392, 393-94 (2010). He finally

spotted Wilson, Brandon Smalls, and Daniel Johnson sitting on the steps at an apartment complex. *Id.* He snuck around the building, donned a black cap, ran towards Wilson, and began firing a pistol at the group of men. He killed Wilson with a gunshot wound to the head. *Id.* Johnson was shot in the hand and the right buttock. *Id.* Smalls was not injured. *Id.*

A jury found Allen not guilty of malice murder, but it convicted him of two counts of felony murder, two counts of aggravated assault, and three counts of possessing a firearm during the commission of a crime. Doc. 12-5 at 19-21. At sentencing, the judge imposed the mandatory minimum sentence of life imprisonment as to the first count of felony murder and "merged" it with the second count, since Allen could "only be sentenced once for homicide." Doc. 13-4 at 116-117. He thus sentenced him to serve twenty years' imprisonment for the aggravated assault against Daniel Johnson to run consecutively to the life sentence for felony murder. *Id.* at 117. On the remaining charges he sentenced Allen to 35 years' probation, to run concurrently with his life-plus-twenty-year sentence. *Id.* at 117.

Allen's conviction and sentence survived appeal. *Allen*, 286 Ga. at 399. He then petitioned for habeas corpus in Calhoun County, Georgia. Doc. 8-1. That court held a hearing on the motion and denied the petition. Doc. 8-3. After his certificate of probable cause to appeal was denied, doc. 8-5, he filed the instant § 2254 petition in this court. Doc. 1.

## II. STANDARD OF REVIEW

State court adjudications must "be given the benefit of the doubt" on federal habeas review. *Felkner v. Jackson*, 562 U.S. 594, 131 S. Ct. 1305, 1307 (2011) (quotes and cites omitted). This Court cannot disturb them unless they

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, *clearly established* Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). "Clearly established" means a Supreme Court holding, not dicta, that existed at the time of the state court decision that applied the legal principle at issue. *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 1399 (2011); *Bowles v. Sec'y for Dep't of Corrs.*, 608 F.3d 1313, 1315 (11th Cir. 2010). Lower court

opinions, even if directly on point, will not suffice. *Bowles*, 608 F.3d at 1316.

Allen thus faces a highly deferential, "difficult to meet" standard on federal habeas review. *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *Cullen* 131 S. Ct. at 1398. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Hill v. Humphrey*, 662 F.3d 1335, 1345 (11th Cir. 2011) (en banc) (quoting *Harrington*, 562 U.S. at 103).

Allen's ineffective assistance of counsel ("IAC") claims face an additional hurdle. Even when reviewed *de novo*, IAC claims are subject to their own internal layer of deference. *Strickland v. Washington*, 466 U.S. 668 (1984). "Defendant[s] must show both deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). A lawyer's representation is deficient when it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. And courts apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id*. at 689.

4

*Strickland* error must be so serious "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

"'Surmounting *Strickland*'s high bar is never an easy task,'" *Harrington*, 562 U.S. at 88 (cite omitted), and no hindsight or second-guessing is permitted. *Id.* But where a state court has already ruled on IAC claims, the petitioner's burden of

> [e]stablishing that [its] application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id.*, at 689 [104 S. Ct. 2052]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles*, 556 U.S., at ___, 129 S. Ct., at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ___ [129 S. Ct., at 1420]. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* at 788. Because this "[d]ouble deference is doubly difficult for a petitioner to overcome . . . it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is

found to merit relief in a federal habeas proceeding." *Johnson v. Sec'y, DOC*, 643 F.3d 907, 911 (11th Cir. 2011); *Hamner v. Deputy Sec'y of the Fla. Dep't of Corrs.*, 438 F. App'x 875, 880 (11th Cir. 2011) ("Our standard of review is 'doubly deferential' when 'a *Strickland* claim [is] evaluated under the § 2254(d)(1) standard.'") (quoting *Knowles*, 129 S. Ct. at 1420).

## III. ANALYSIS

Allen contends his appellate attorney, Richard Darden, was ineffective for: (1) not raising as error the trial court's jury instruction on a form of aggravation not charged in count 2; (2) not challenging trial counsel's failure to demur[1] to the indictment because it did not specify the cause of death; (3) not raising trial counsel's failure to object when a juror was excused outside the presence of petitioner; and (4) not raising trial counsel's failure to demur to the count 2 felony murder charge because it did not specify how the predicate felony caused the victim's death.   Doc. 1 at 5-10.

---

[1]   Georgia courts consistently use the term "demur" to describe what otherwise is known as "objecting," and "demurrer" to refer to what otherwise is called a "motion to dismiss." *See, e.g., Gribble v. State*, ___ Ga. App. ___, 2015 WL 1916687 at * 1 (Apr. 29, 2015) (outlining the Georgia test for "whether an indictment can withstand a general demurrer").

## A. Grounds 1 and 4

Grounds 1 and 4 involve count 2 of the indictment, which reads as follows:

### COUNT 2: FELONY MURDER (O.C.G.A. § 16-5-1)

And the jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse EUGENE MARKEITH ALLEN, with having committed the offense of FELONY MURDER, for that the said EUGENE MARKEITH ALLEN, in the County of Chatham and State of Georgia, on or about May 26, 2004, in the commission of a felony, to wit: aggravated assault against Raheem Wilson, caused the death of Raheem Wilson, contrary to the laws of the State of Georgia the good order, peace and dignity thereof.

Doc. 9-1 at 26.   In Ground 1, Allen complains that Darden failed to raise as error the trial court's jury instruction on a form of "aggravation" not charged in count 2.   Doc. 1 at 5.   The judge told the jury that Allen could be convicted if he committed aggravated assault by use of a deadly weapon *or* had the intent to murder.   But he was only indicted for committing aggravated assault by the use of a deadly weapon.   *Id.*   Allen also faults trial counsel for failing to object to count 2 as fundamentally flawed since it "never listed the manner of aggravation for the aggravated assault." Doc. 15 at 5.   In Ground 4, Allen claims that Darden erred by not arguing that trial counsel was ineffective for failing to demur to count 2 because it failed to specify the victim's cause of death.   Doc. 1 at 10.

7

While the state habeas court found that these errors were not fatal under state law, and thus Darden performed competently, it also held, without elaboration, that Allen cannot show prejudice. Doc. 8-3 at 7. The Court agrees.[2] Even if count 2 of the indictment was fatally flawed, Allen was also convicted of felony murder on count 3, which had as its predicate felony possession of a firearm by a convicted felon. Doc. 12-5 at 19; doc. 9-1 at 27. At the time of Allen's sentencing, O.C.G.A. § 16-5-1(d) provided that "a person convicted of the offense of [felony] murder shall

---

[2] Section "2254(d) applies even to summary state court opinions, as well as to opinions that do not cite Supreme Court precedent." *Means v. Sec'y, Dep't of Corrs.*, 433 F. App'x 852, 853 (11th Cir. 2011) (citing *Harrington*, 562 U.S. at 98). For that matter, the Court is permitted to review claims *de novo* rather than engage in a detailed deference-based analysis of the state court's reasoning. Stated differently, this Court normally applies § 2254(d)'s deference standard and upholds all procedural defenses like procedural default and untimeliness. But it can also invoke the "*de novo* shortcut":

> [i]nsofar as it aids the court in deciding these complex cases, it is not unusual for this Court to affirm the denial of § 2254 relief after conducting *de novo* review without resolving whether [2254(d)] deference applies. *See, e.g., Wellons v. Warden*, 695 F.3d 1202, 1213 (11th Cir. 2012); *Owen v. Fla. Dep't of Corr.*, 686 F.3d 1181, 1201 (11th Cir. 2012); *Trepal v. Sec'y, Fla. Dep't of Corr.*, 684 F.3d 1088, 1109–10 (11th Cir. 2012); *Payne v. Allen*, 539 F.3d 1297, 1318 n. 18 (11th Cir. 2008).

*Smithers v. Sec'y, Fla Dept. of Corr.*, 2012 WL 6570831 at * 1 n. 1 (11th Cir. Dec. 17, 2012); *see also Barriner v. Sec'y, Fla Dept. of Corr.*, 2015 WL 896347 at *4 (11th Cir. Mar. 4, 2015); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 753 (11th Cir. 2010) ("[E]ven if no deference were due the state collateral trial court's decision on [*Strickland's* ] performance element, we would conclude on *de novo* review that [the petitioner] had failed to establish it.").

be punished by death or by imprisonment for life." *Id.* (prior to 2009 amendment); *see Phelps v. State*, 293 Ga. 873, 878 (2013) ("Of course, a sentence of life in prison is the mandatory minimum sentence upon conviction of felony murder."). While the sentences "merged" here, since Allen "can only be sentenced once for homicide," he would still be serving a life sentence for felony murder on count 3 even if count 2 disappeared.[3] Doc. 13-4 at 116-117.

In similar out-of-circuit cases, courts have found no prejudice where a petitioner was sentenced for one crime when the evidence did not support that conviction, but the evidence clearly established elements of another crime which carried the same mandatory sentence. *See, e.g.*, *Rainey v. Varner*, 603 F.3d 189, 201-202 (3d Cir. 2010) (no prejudice where

---

[3] The only conceivable prejudice on these facts would be if the underlying felony on count 3 merged into the conviction for felony murder and Allen thus received a longer sentence because count 2 was unlawful. *E.g.*, *Garrett v. State*, 263 Ga. 131, 131 (1993). But that could not have happened here. Offenses only merge when a defendant is convicted of felony murder predicated upon a certain felony and is also convicted of that predicate felony. *Leeks v. State*, 296 Ga. 515, 524 (2015). Count 3's predicate felony was possession of a firearm by a convicted felon. Doc. 9-1 at 27. Allen was charged separately for possession of a firearm during the commission of a crime (murder). *Id.* Those crimes are entirely distinct. Possession of a firearm during the commission of a crime requires the prosecution to show that a defendant had on his person a firearm or certain other weapons that he employed during the commission of any crime against the person of another. O.C.G.A. § 16-11-106. Possession of a firearm by a convicted felon simply requires proof that a convicted felon possessed a firearm. O.C.G.A. § 16-11-131.

evidence was insufficient to sustain first degree murder conviction petitioner was actually sentenced on, but evidence was sufficient for second degree murder, which carried same mandatory minimum sentence); *Clark v. Maggio*, 737 F.2d 471, 475 (5th Cir. 1984) (same).

Unlike *Rainey* and *Clark*, this Court is not faced with a situation in which a petitioner will be forced to live the rest of his life with the social stigma attached to a first degree murder conviction that he did not commit. Here, Allen would simply have been convicted and sentenced under count 3 for felony murder -- the same charge and minimum sentence as count 2 -- and thus cannot show prejudice. Far from violating "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), then, the state habeas court correctly concluded that Allen suffered no prejudice.

### B. Ground 2

In Ground 2, Allen contends that Darden erred by not challenging the indictment's failure to specify the cause of Wilson's death. *See* O.C.G.A. § 16-15-1(a); Doc. 1 at 7. Additionally, he asserts that trial counsel, Willie Yancey, was ineffective for failing to move to dismiss that part of the indictment on that basis. *Id.*

Allen cites two cases -- *Hinton v. State*, 280 Ga. 811 (2006), and *Phillips v. State*, 258 Ga. 228 (1988) -- that address the failure to specify the means of death in connection with convictions for malice murder, which requires proof that a person "unlawfully and with malice aforethought, either express or implied, *causes the death* of another human being." O.C.G.A. § 16-15-1(a) (emphasis added). Felony murder also requires that a person, while in the commission of a felony, "cause[] the death" of another human being. O.C.G.A. § 16-5-1.

*Hinton* and *Phillips* state that it is not error for a murder charge to fail to specify the exact means of death if the circumstances of the case are too uncertain to clearly establish it. *See, e.g.*, *Phillips*, 258 Ga. at 228. Neither case says it's reversible error to fail to specify the means of death when that evidence *is* readily available. The state habeas court held as much, stating that "the indictment does not need to specify the cause of death in order to track the language of the code, only that Petitioner caused the death of the victim during the commission of a felony."[4] Doc.

---

[4] Regardless, the indictment as a whole shows that Allen possessed a firearm, committed aggravated assault against Raheem Wilson, assaulted Wilson's compatriots with a firearm, and possessed the weapon during the commission of the crime of murder. Doc. 9-1 at 27. In sum, while the indictment is somewhat vague, it was clear enough to put Allen on notice of the state's intent to prove that he murdered Raheem Wilson with a firearm.

8-3 at 10. For that matter, Allen does not dispute that the charges here tracked the language of the statute.

Hence, even if Yancey had demurred to the indictment, petitioner has not shown any real likelihood that the outcome of the case would have changed. As Georgia courts have noted, "because a defendant can be re-indicted after the grant of a special demurrer, a failure to file such a demurrer generally will not support a finding of ineffective assistance of counsel." *Washington v. State*, 298 Ga. App. 105, 106 (2009). The state habeas court therefore reasonably applied *Strickland* by holding that Allen "cannot establish that, but for counsel's failure to raise these grounds on appeal, the outcome of [his] appeal would have been different." Doc. 8-3 at 10. Put another way, Allen failed to show prejudice, and there is nothing unreasonable about the state court's conclusion on that score.

## C. Ground 3

In Ground 3, Allen claims ineffective assistance of appellate counsel based on trial counsel's failure to object when a juror was excused, allegedly outside Allen's presence. Doc. 1 at 8. "Had trial counsel objected," he argues, "the issue [with juror dismissal] would have been

properly preserved for appeal in which case prejudice would have been presumed [under Georgia law]." Doc. 15 at 15. By extension, Allen contends, Darden's failure to raise this issue cost him a reasonable chance that he would have won a reversal on appeal. *Id.*

On the second day of trial, after directing deputies to bring Allen and the jury into the courtroom, the court addressed the jury:

> Good morning. You may have noticed that we are minus one juror this morning. It seems that someone got ill this morning right here at the courthouse and I had to excuse her.
>
> That, of course, is why we have alternate jurors, because every now and then, that does happen, so luckily for us, because otherwise we might have had to start this trial all over again with a different jury, and I think you can easily understand why we wouldn't want to do that. So we can simply move right along.

Doc. 13-2 at 105-106.

Yancey did not object to the juror dismissal. At the state habeas hearing, he could not recall "whether [Allen] was present when the juror was dismissed," while Allen "argues he was not present." Doc. 8-3 at 11. Darden, however, testified that he recalled a juror being excused and stated "if I'm not mistaken, [Allen] was present when that happened and there was no objection." Doc. 13-5 at 110. Darden acknowledged that nothing in the record showed Allen's presence when the court excused the

juror, but believed he learned that from Yancey during an interview. *Id.*
at 111. Nevertheless, Darden stated that "I think in the way that it's
worded . . . it could possibly be a good issue, because there's nothing on the
record to indicate [Allen's presence] until [the court] gets to [trial
counsel]." *Id.* at 112.

The state habeas court ultimately concluded that Georgia law would
have entitled Allen to presumed prejudice if the trial court excused the
juror outside of his presence *and* he raised the underlying claim on direct
appeal. Doc. 8-3 at 11 (citing *Griffin v. Terry*, 291 Ga. 326, 328 (2012)).
Nevertheless, the court held that

> [t]o show prejudice under *Strickland* where appellate
> ineffectiveness is alleged due to the failure to assert an error that
> carries presumed prejudice on direct appeal, the appellant must
> establish a reasonable probability that the error would have been
> reversible on appeal, and, to do so must establish a reasonable
> probability of a different outcome at trial had the error been
> prevented or corrected.

Doc. 8-3 at 11 (quoting *Griffin*, 291 Ga. at 329). It then concluded that
Allen showed no prejudice because he "adduced no evidence" showing
"that the result of his trial would have been different had his absence . .
. been prevented or corrected." *Id.*

Ground 3 is more complex than initially meets the eye. Broken down, it necessarily asserts that (1) Allen had a right under state law to be present when the juror was dismissed (not simply when the court announced the dismissal); (2) trial counsel provided ineffective assistance by not objecting to his absence; (3) appellate counsel also provided ineffective assistance by not raising trial counsel's failure to object on direct appeal; and (4) the state habeas court unreasonably applied *Strickland*[5] to find that Allen showed no prejudice from appellate counsel's alleged error.

The state court in fact did not unreasonably apply *Strickland*, so this claim fails. The state court's treatment of Ground 3 simply applied the *Griffin* rule that right-to-be-present claims do not trigger presumed prejudice when raised on collateral review. Doc 8-3 at 11. In doing so, it found that Allen failed to prove a reasonable probability of a different result at trial had Yancey objected to the juror's removal. *See id.* At their core, *Griffin* and its predecessors reasoned that *Strickland* requires a showing of actual prejudice except in three limited circumstances, none

---

[5] Section 2254(d)(1) prohibits relief from a state court judgment unless the state decision "involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court." When a petitioner asserts ineffective assistance of counsel, that clearly established law is the *Strickland* standard. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011).

of which are present here.[6]  *Griffin*, 291 Ga. at 229; *Reid v. State*, 286 Ga. 484, 488 (2010) ("It is one thing to recognize that structural errors and defects obviate any requirement that prejudice be shown on direct appeal and rule out an application of harmless error in that context.  It is another matter entirely to say that they vitiate the prejudice requirement for an ineffective assistance claim.").  The Eleventh Circuit agrees and in doing so precludes Allen from showing that the state habeas decision involved an unreasonable application of federal law.

In *Purvis v. Crosby*, Purvis, on state collateral review and in his § 2254 petition, sought to have his conviction set aside because trial counsel failed to object when the state trial court cleared the courtroom during certain testimony.  451 F.3d 734, 735 (11th Cir. 2006).  He did not raise the courtroom closure claim on direct appeal.  *Id.* at 736.  Both the state and district courts rejected his IAC claim because he failed to show a reasonable likelihood that the closure impacted the outcome of the trial. *Id.* at 737.

---

[6]  Those three circumstances are (1) actual or constructive denial of the assistance of counsel altogether; (2) various kinds of state interference with counsel's assistance; and (3) "when counsel is burdened by an actual conflict of interest." *Strickland v. Washington*, 466 U.S. 668, 691-92 (1984).

On appeal, Purvis reasoned that closure of the courtroom was structural error and therefore "justif[ied] reversal even without any showing of prejudice." *Id.* Alternatively, he argued that he demonstrated prejudice because "an objection by counsel would have properly preserved the issue, allowing him to obtain a reversal of his conviction on appeal." *Id.* The Eleventh Circuit rejected both arguments, instead holding that (1) Purvis could not "show that an objection from counsel would have caused the factfinder to have a reasonable doubt about his guilt;" and (2) *Strickland* instructs that other than its three limited exceptions, prejudice must be shown and will not be presumed. *Id.* at 739-40.

The only difference here is the name of Allen's claim. Allen asserts ineffective assistance of *appellate* counsel, unlike Purvis' trial-related claim. But Allen's claim is a "nested" IAC-on-appeal claim, where ineffective assistance of trial counsel is the claim which appellate counsel allegedly should have raised. Hence, Allen must demonstrate the ineffective assistance of his trial counsel as well. *See, e.g., Holiday v. Gilmore*, 32 F.3d 570 (7th Cir. 1994) (analyzing only the ineffective assistance of trial counsel component of a "nested" claim); *Potter v.*

*Taylor*, 2013 WL 5947020 at * 2 (S.D. Ga. Nov. 6, 2013) (Section 2254 petitioners must show both IAC at trial and on appeal for a "nested" claim to prevail).

Otherwise, Allen and Purvis row the same boat. Instead of Purvis' courtroom closure-based ineffective assistance claim, Allen asserts that his trial counsel failed to object to a violation of his right to be present. Doc. 1 at 8. Both courtroom closure claims under federal law and right-to-be-present claims under the Georgia constitution [7] carry presumed prejudice if asserted on direct appeal. *See Waller v. Georgia*, 467 U.S. 39, 49-50 & n. 9 (1984) ("[A] requirement that prejudice be shown would in most [courtroom closure] cases deprive [the defendant] of the [public-trial] guarantee, for it would be difficult to envisage a case in which he would have evidence available of specific injury.") (quotes and cite omitted); *Griffin*, 291 Ga. at 327 ("[W]here structural errors are raised in the context of an ineffective assistance claim, prejudice will not be presumed."). Both Allen's and Purvis' trial attorneys failed to object to the alleged errors. *Purvis*, 451 F.3d at 736; doc. 13-2 at 106-08. And

---

[7] Allen argues that trial counsel provided ineffective assistance by not asserting his right to be present under the Georgia constitution, *see* doc. 15 at 13, not the federal analog derived from the Confrontation Clause. *See Illinois v. Allen*, 397 U.S. 337, 338 (1970) ("One of the most basic rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial.").

both argued in their state and § 2254 proceedings that prejudice should be presumed even in a collateral proceeding because the errors were structural "defect[s] affecting the framework within which [a] trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991); *Purvis*, 451 F.3d at 737; doc 15 at 19.

Whether or not the right to be present when a court excuses jurors for illness is a structural error,[8] *Purvis* held (*Griffin* too) that "in all but three exceptional circumstances prejudice must be shown before an

---

[8] At least one circuit court has held that an error materially indistinguishable from what Allen complains of is *not* structural error. *See United States v. Picardi*, 739 F.3d 1118, 1123 n. 3 (8th Cir. 2014). Looking to *Strickland*'s three examples, as does *Purvis*, *Picardi* reasoned that "[t]he error alleged . . . [dismissing and replacing jurors outside the defendant's presence,] is not structural because "[u]nlike such defects as the complete deprivation of counsel or trial before a biased judge," it "does not *necessarily* render a criminal trial unfair or an unreliable vehicle for determining guilt or innocence." *Id.* (quoting *Neder*, 527 U.S. 1, 9 (1999)). This Court is not sure that comports with the Supreme Court's statements on structural errors since, like many such errors, the effects of the right to be present, and hence proof of prejudice from violations of that right, are unmeasurable. *See, e.g., Sullivan v. Louisiana*, 508 U.S. 275, 281 (1993) (noting that the right to trial by jury, whose violation is a structural defect, is a "basic protection whose precise effect[ is] unmeasurable"); *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991) (structural defects defy analysis by harmless-error standards); *but see Francis v. Henderson*, 425 U.S. 536, 542 (1976) (state law required objections to grand jury composition be made before trial and, therefore, considerations of federalism and comity required showing of actual prejudice when petitioner asserted the exclusion of blacks as a ground for relief under § 2254). Nevertheless, that does not matter because (a) *Purvis'* existence precludes this Court from finding the state court's application of *Strickland* unreasonable, and (b) only *unreasonable* applications of clearly established law, not incorrect ones, can trigger relief under § 2254.

ineffective assistance of counsel claim merits relief." 451 F.3d at 740. The state habeas court's application here of just that understanding of prejudice, then, cannot be "so lacking in justification that there was an error well understood . . . beyond any possibility for fairminded disagreement."[9] *Viers v. Warden*, ___ F. App'x ___, 2015 WL 2373206 at * 11 (11th Cir. May 19, 2015) (quoting *Harrington*, 562 U.S. at 103).[10]

Since the state court's prejudice decision was reasonable, Allen can only prevail if the state court's finding that he failed to show prejudice

---

[9] In addition to Georgia, at least two other states agree with *Purvis* that petitioners must show actual prejudice on collateral review when asserting structural errors as the basis for IAC claims. *See People v. Vaughn*, 491 Mich. 642, 673-74 (2012) (agreeing with *Purvis* that *Strickland* requires actual prejudice in all but three situations and holding further that "[w]ithout distinguishing a properly preserved structural error for which reversal is required from an error claimed as ineffective assistance of counsel, counsel can harbor error as an appellate parachute by failing to object [at trial], thereby depriving the trial court of the opportunity to correct the error at the time it occurs"); *State v. Butterfield*, 784 P.2d 153, 157 (Utah 1989) (actual prejudice required when structural errors serve as the basis for an IAC claim lest petitioners attempt "to avoid the effect of failure to preserve the issue below by a proper objection"); *but see, e.g., Littlejohn v. United States*, 73 A.3d 1034, 1043 (D.C. 2013) ("[T]he rationale underlying the per se prejudicial impact of structural errors -- the 'precise effects are unmeasurable' -- supports applying such a presumption when counsel's deficient performance causes a structural error.").

[10] That *Strickland* is the relevant federal law further reinforces the reasonableness of the state court's decision. As the Supreme Court explained: "[e]valuating whether a rule application [is] unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Harrington*, 562 U.S. at 101. *Strickland*, among the more general rules courts apply, certainly counsels leeway. *See Dasher v. Att'y Gen., Fla.*, 574 F.3d 1310, 1315 (11th Cir. 2009).

constitutes an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). It does not. Like Purvis, Allen has not come forward with any evidence of prejudice. Instead, he offers nothing more than the argument that had trial counsel objected to the juror's dismissal and the trial court done nothing, "prejudice would have been presumed," and thus appellate counsel should have raised the issue. Doc. 15 at 15; *see Purvis*, 451 F.3d at 739 (same argument rejected in courtroom closure context).[11] Without more -- without *something* to show a reasonable probability of a different result had Allen's trial counsel objected to the exclusion of the juror -- Ground 3 fails.

## IV. CONCLUSION

Eugene Allen's 28 U.S.C. § 2254 petition should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009),

---

[11] *Purvis* rejected this argument in part because there was "as much reason to believe that pointing out the error of his ways to the trial judge would have caused him to mend those ways, thereby depriving Purvis of the issue on appeal." 451 F.3d at 739. By contrast, the moment for mending here had passed by the time Allen's trial counsel could have objected to the juror removal. *See* doc. 13-2 at 104-06 (court announced juror removal *after* the juror had been sent home). At that point, the only remedy for a sustained objection would have been a mistrial. Although that outcome certainly would have deprived Allen of the issue on appeal, it also undermines to a degree reliance on that possibility as a reason to reject Allen's "evidence" of prejudice. Still, any concern whether the state court correctly concluded that Allen failed to show prejudice must yield to the heavy deference afforded such decisions. *See Harrington*, 562 U.S. at 102.

the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

      **SO REPORTED AND RECOMMENDED** this 25<sup>TR</sup> day of June, 2015.

                                                    **UNITED STATES MAGISTRATE JUDGE**
                                                    **SOUTHERN DISTRICT OF GEORGIA**